IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LEAH STEIN, LOREN STEIN, and KENNETH STEIN | § § § | |
| v. | § § | A-17-CV-907 LY |
| NAVIENT SOLUTIONS, LLC f/k/a NAVIENT SOLUTIONS, INC. and JOHN and JANE DOES 1-10 | § § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Navient Solutions, LLC's Motion to Dismiss and Memorandum of Law (Dkt. No. 4); and Plaintiffs' Memorandum in Opposition (Dkt. No. 6). The District Court referred these Motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

**I. FACTUAL BACKGROUND**

Plaintiffs Leah, Loren, and Kenneth Stein bring this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, alleging they were subjected to unwanted autodial cellular telephone calls by debt collector Navient, who was looking for an individual named "Laurie Stein" in an effort to collect that individual's overdue student loans. The Steins allege that none of them had outstanding overdue student loans, and they informed Navient that it was calling the wrong people. Plaintiff Leah Stein also brings claims pursuant to the Texas Business & Commerce Code, Chapter 305, *et seq.*, for the same actions.

Plaintiff, Leah Stein is a citizen and resident of the State of Texas who resides in Austin, Texas. Plaintiffs, Loren and Kenneth Stein are citizens and residents of the State of Oklahoma residing in Oklahoma City, Oklahoma.

## II. ANALYSIS

Navient's motion is a picture of confusion, as the majority of it is dedicated to the dismissal of claims that have not been brought by the plaintiffs. Navient first asserts that a Texas Deceptive Trade Practices Act claim should be dismissed, but none of the Steins have stated a DTPA claim in the Complaint. Navient also requests that the Court dismiss Kenneth and Loren Stein's claim under Chapter 305 of the Texas Business and Commerce Code, as they are not Texas citizens.[1] But Kenneth and Loren Stein have not filed that claim. Instead, their only claim is brought under the relevant federal statute, 47 U.S.C. § 227. Only Leah Stein, who *does* reside in Texas, makes a claim pursuant to the Texas statute. Needless to say, all of these arguments by Navient are meritless, and should be denied.

Navient also makes a similarly irrelevant argument for the dismissal of Leah Stein's claim under the Texas statute, contending that it is exempt from the statute because Navient is a wholly owned subsidiary of a publicly traded corporation registered with the SEC, and Leah Stein has failed to state a claim under the statute because all it requires Navient to do is register with the state. The problem with Navient's argument is that it is based on TEX. BUS. COMM. CODE § 302.053, which

---

[1] The federal statute—the Telephone Consumer Protection Act—makes it unlawful for any person in the United States "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B). In Chapter 305 of the Texas Business and Commerce Code, Texas has made a violation of the federal statute a state cause of action. In relevant part, the Texas statute provides that "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A, may bring an action in this state against the person who originates the communication . . ." TEX. BUS. & COM. CODE § 305.053.

does not apply to the statute under which Leah Stein is bringing her claim—TEX. BUS. COMM. CODE § 305.053. By the express language of the statute Navient is relying on, the exemptions explicitly apply only to claims brought under *that* chapter of the code—Chapter 302. They have no applicability to claims brought under Chapter 305, which is the statute Leah Stein is proceeding under.

The one and only potentially relevant argument Navient raises relates to the propriety of Kenneth and Loren Stein as plaintiffs. Navient contends that they are improperly joined and their claims should be dismissed. The relevant rules are Federal Rules of Civil Procedure 20 and 21. Rule 21 states: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. Rule 20 addresses the joinder of plaintiffs, and states:

> Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

FED. R. CIV. P. 20(a)(1). "Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). "Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Id.* Generally, if both prongs are met, "permissive joinder of plaintiffs . . . is at the option of the plaintiffs . . . ." *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995).

Because the purpose of Rule 20 is to facilitate trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits, district courts liberally construe permissive joinder of claims and parties in the interest of judicial economy. *Klein Indep. School Dist. v. Hovem*, No. H–09–137, 2010 WL 1068076, at *4 (S.D. Tex. Mar. 22, 2010); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."); *see also Acevedo*, 600 F.3d at 521. At the same time, "a trial court has broad discretion to sever." *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000).

Navient moves to dismiss Kenneth and Loren Stein from the suit, arguing that, because they are as residents of Oklahoma, any calls made to them have no nexus with the State of Texas, and therefore they are not properly joined in this case. It argues that Kenneth and Loren Steins' claims do not arise out of the "same transaction, occurrence, or series of transactions or occurrences" as Leah Steins' claim because each of them asserts a separate right to relief for each call made to that plaintiff. The Steins respond that their claims arise out of the same transaction, occurrence, or series of transactions or occurrences because all of their claims arise from a debt allegedly owed by someone named "Laurie Stein." They further note that their claims allege common questions of law and fact, as their claims are brought pursuant to the same federal statute, and the calls made to them were identical. Lastly, the Steins assert the automatic dialing system in issue, utilized by Navient, is located in Austin, Texas. The Court agrees. The Steins' claims arise out of "same transaction, occurrence, or series of transactions or occurrences" as each plaintiff asserts an identical, although separate, right to relief, based upon nearly identical circumstances. Additionally, the law applicable

4

to Kenneth and Loren Stein's claims is identical to the law applicable to Leah Stein's claims. Kenneth and Loren Stein are properly joined as parties to this litigation.

## III. RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant Navient Solutions, LLC's Motion to Dismiss and Memorandum of Law (Dkt. No. 4) be **DENIED.**

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 7th day of May, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE